UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER T. TOMLINSON,

    Plaintiff,

    v.                                              Case No. 07-C-0223

ROUNDY'S SUPERMARKETS, INC.,

    Defendant.

**ORDER**

On October 31, 2007, the pro se plaintiff, Christopher T. Tomlinson ("Tomlinson"), filed a motion with the court requesting the court order that (1) an officer of the court be present during a deposition scheduled on November 7, 2007 and (2) the parties file all discovery documents with the court. As support for his motion, the plaintiff states that he believes that the defense is attempting to delay resolution of the case and is taking advantage of his pro se status. While the court is aware that the plaintiff has no legal counsel and appreciates the complications and frustrations that arise when a plaintiff proceeds pro se, the court is not convinced that such unorthodox remedies are necessary. Accordingly, the plaintiff's motion will be denied.

While the plaintiff may feel that an officer of the court is necessary to protect his interests at the November 7, 2007 deposition, such is not the role of the court and further, the court has no such officer to send. However, if during the deposition the plaintiff objects to any aspect of the proceedings he should make his objection on the record in accordance with Fed. R. Civ. P. 30(c). The plaintiff should note that such objection will not stop the examination and testimony shall be taken despite the

objection. Nevertheless, making the objection on the record shall preserve it for the court to address at a later date.

Further, generally speaking, discovery documents are not filed with the court, as discovery is to be a cooperative venture that occurs between the parties. Court intervention is generally only permissible when a party meets the necessary requirements and files a motion to compel under Fed. R. Civ. P. 37(a). The plaintiff here does not file a motion to compel nor does his motion meet the necessary requirements.

If, in the future, the plaintiff wishes to file a motion to compel, the plaintiff is cautioned that he must first make a good faith attempt to resolve the issue with the adverse party without the court's interference in accordance with Fed. R. Civ. P. 37(a)(2)(A) and Civil L.R. 37.1. If after conferring with the adverse party, the plaintiff still feels a motion to compel is necessary, he is to note that his motion to compel should include a written statement from the plaintiff that after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties were unable to reach an agreement. The statement must also recite the date and time of any conferences between the parties and the names of all parties participating in the conference pursuant to Civil L.R. 37.1.

**IT IS THEREFORE ORDERED** that the plaintiff's motion be and hereby is **DENIED.**

**SO ORDERED** this 5th day of November, 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge